# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN JAMES HEMINGWAY,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-638** |
| : | |
| **UNITED STATES FBI,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

**SURRICK, J.**                                                                                       **JUNE 9, 2020**

    Plaintiff Justin James Hemingway has filed a civil action listing forty Defendants including federal agencies, local police departments, a correctional facility, a parole office, members of the press, utilities companies, corporations, and individuals.  He has also filed a Motion for Leave to Proceed *In Forma Pauperis*.  The Court grants Hemingway leave to proceed *in forma pauperis*.  Hemingway's claims will be dismissed with prejudice as frivolous.

**I.**     **FACTUAL ALLEGATIONS**

    Hemingway's Complaint is difficult to understand.  While he lists numerous Defendants in the caption, he makes no specific allegation against any named Defendant in the body of the Complaint other than certain federal agencies, unspecified "police," and "Officer Rucinski," who is not named as a Defendant.  (ECF No. 1 at 5.)[1]  He asserts that the "entire intelligence Community attacked me, my family and my friends and family pets with touch book computers and used all the military ammo they could get to try to kill me and did kill my family, friends and pets."  (*Id.*)  He then lists the names of nine persons who allegedly died and asserts "most of the

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

country is involved my name needs to be looked up and you will be able to pull all the details when you 'overview' topics direct also overview social security list!" (*Id.* (underlining, quotation marks and exclamation point in original).)  He claims that the Defendants actions resulted in all of his teeth being chipped or knocked out, scars that cover his whole body, and numerous broken bones.  (*Id.* at 6.)  He demands $1 trillion from each Defendant.  (*Id.*)

## II.     STANDARD OF REVIEW

Because the Court has granted Hemingway leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  As Hemingway is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement

requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.   DISCUSSION

Hemingway's Complaint is the paradigm of a pleading that fails to comply with Rule 8.  The allegations, to the extent they are comprehensible, are irrational or wholly incredible and subject to dismissal for this reason.  The Complaint also does not contain a short and plain statement showing that Hemingway is entitled to relief and no defendant could be expected to respond to the pleading on the merits.  In short, the Court is unable to discern any plausible claim that Hemingway might maintain against any named Defendant.  Because the Complaint is factually frivolous and so confused, ambiguous, vague, and otherwise unintelligible that its true substance cannot be ascertained, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Hemingway will not be permitted to file an amended complaint because the Court concludes that amendment would be futile.  An appropriate Order follows.

                                        **BY THE COURT:**

                                        ***/s/ R. BARCLAY SURRICK***
                                        **R. BARCLAY SURRICK, J.**